**JS-6**

```
cc: order, docket, remand letter to
Los Angeles Superior Court, East District,
Pomona, No. KC 062737
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. B. F. R., by and through his Guardian ad Litem, Diane Laws; and J. L. L. F., by and through his Guardian ad Litem, Diane Laws,<br><br>            Plaintiffs,<br>   v.<br><br>ELI LILLY AND CO.; SOUTHWOOD PHARMACEUTICALS, INC.; and CALIFORNIA PHARMACY MANAGEMENT LLC.,<br><br>            Defendants. | Case No. 2:12-cv-10025-ODW(CWx)<br><br>**REMAND ORDER** |

Having carefully considered Defendants' notice of removal, the Court determines that it lacks subject-matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). And if there

is any doubt, remand is favored—the removal statute must be strictly construed and "jurisdiction must be rejected." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, Defendants claim that this Court has subject-matter jurisdiction over this wrongful death and product liability lawsuit because there is diversity jurisdiction. (Notice of Removal ¶ 2.) Specifically, Defendants argue that there is diversity jurisdiction under both 28 U.S.C. § 1332(a) and § 1332(d)(11). (*Id.*)

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). And where a plaintiff does not specify a dollar figure in the underlying complaint, the removing defendant must provide evidence establishing—by a preponderance of the evidence—that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Evidence the court may consider here includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

When this case was pending in the U.S. District Court, Eastern District of Kentucky, Plaintiffs added two California Defendants, Southwood Pharmceuticals, Inc. and California Pharmacy Management LLC. (FAC ¶¶ 5–9.) Judge Reeves acknowledged this destruction of diversity and appropriately remanded the case back to state court. *In re: Darvocet, Darvon and Propoxyphere Products Liability Litigation*, No. 2:11-md-2226-DCR, slip op. at 6 (E.D. Ky. July 16, 2012). The Court hereby adopts the Kentucky court's reasoning and finds a lack of complete diversity in this case.

Defendants also contend that they can establish diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Under CAFA, diversity jurisdiction exists in "mass action" suits so long as the following requirements are met: (1) 100 or more

plaintiffs; (2) common questions of law or fact between plaintiffs' claims; (3) minimal diversity, where at least one plaintiff is diverse from one defendant; (4) aggregated claims in excess of $5 million; and (5) at least one plaintiff's claim exceeding $75,000. 28 U.S.C. § 1332(d); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

Despite Defendants' obtuse reasoning concerning a pending state court motion for the coordination of cases, this case does not yet involve 100 or more plaintiffs. There are only two Plaintiffs here. When the state court joins plaintiffs from other actions and the number exceeds 100—and not simply coordinates the cases—then mass-action removal is proper. Presently, all we have is a case that has a probability to become a mass action, but is not actually one yet. This is insufficient to invoke diversity jurisdiction under 28 U.S.C. § 1332(d)(11). Accordingly, the Court **REMANDS** this case to the Los Angeles County Superior Court. The Clerk of Court shall close this case

**IT IS SO ORDERED.**

December 6, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**